IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JENNIFER YERGER, on behalf of herself and all other similarly situated and consenting persons,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>LIBERTY MUTUAL GROUP, INC.,  )<br>)<br>Defendants.  )<br>_____ ) | NATIONWIDE<br>COLLECTIVE ACTION<br>COMPLAINT<br><br>CIVIL ACTION NO.: 5:11-cv-238 |

I.   PRELIMINARY STATEMENT

1.   This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., for unpaid overtime wages based upon the defendant's failure to pay the named plaintiffs and those similarly situated persons who file written consents pursuant to 29 U.S.C. §216(b) for certain overtime work that the named plaintiff and those similarly situated, consenting persons performed for the defendant as field auditors for any pay period ending at any time in the three-year time period immediately preceding the date that this action was filed.

II.   JURISDICTION

2.   Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, and 29 U.S.C. § 216(b).

3.   This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

III.   VENUE

4.   Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2) and 29

1

U.S.C. §216(b). The named defendant employed the named plaintiff as a field auditor in and around Wake County, North Carolina and other counties listed in 28 U.S.C. § 113(a) from June 2006 to at least 11 February 2011.

IV.   PLAINTIFF

5.   At all times relevant to this action, plaintiff Jennifer Yerger is and has been a resident of Johnston County, North Carolina. Since at least June 2006 through at least 11 February 2011, the plaintiff was employed within the meaning of 29 U.S.C. §§203(d) and 203(g) on a full time basis by defendant Liberty Mutual Group, Inc. as a field auditor.

V.   DEFENDANT

6.   At all times relevant to this action, defendant Liberty Mutual Group, Inc. ("Liberty Mutual") was and is a corporation organized under the laws of the State of Massachusetts, and authorized to do business in all states of the United States. At all times relevant to this action, Corporation Service Company, 327 Hillsborough Street, Raleigh, North Carolina 27603, has been and continues to be the registered agent for service of process on Liberty Mutual.

7.   At all times that the defendant Liberty Mutual Group, Inc. employed the plaintiff and the group of persons defined in paragraphs 10-11 below, the defendant employed the plaintiff and that same group of persons in an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §§203(r) and 203(s)(1)(A).

8.   At all times the defendant employed the plaintiff and that same group of persons, the defendant had employees handling, selling, or otherwise working on goods or materials such as computers and other office equipment that had been moved in or produced for interstate commerce by a person or business entity.

2

9. At all times the defendant employed the plaintiff and that same group of persons, the defendant had annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

## VI. FLSA STATUTORY COLLECTIVE ACTION ALLEGATIONS

10. The named plaintiff maintains this FLSA action as a collective action under 29 U.S.C. §216(b) against defendant Liberty Mutual Group, Inc. (hereinafter "Liberty Mutual") for each similarly situated employee of that same defendant employed anywhere in any state or possession of the United States of America as a field auditor for any pay period that ended at any time in the time period beginning with the date falling three years immediately before the date this action was filed until January 1, 2011 where such person(s) has filed a Consent to Sue pursuant to 29 U.S.C. §216(b) within three (3) years of that person's last pay period that ended on or before January 1, 2011.

11. This FLSA collective action is on behalf of the FLSA plaintiff class defined in ¶10 above for each pay period in the time period described in ¶10 above when the named plaintiff and the group of similarly situated workers she seeks to represent performed hours worked as field auditors in excess of 40 hours of work in the same workweek when they were employed as field auditors by the defendant.

12. Defendant Liberty Mutual employed the named plaintiff and all members of the collective action defined in ¶¶10-11 above to perform work as field auditors for that same in the time period described in ¶10 above in North Carolina and other states and possessions of the United States of America.

13. Pursuant to the collective action procedure specified at 29 U.S.C. §216(b), for each similarly situated employee of defendant Liberty Mutual, the named plaintiff files this collective action for each similarly situated person who files, will file, or who has already filed a written consent to be a party to this collective action pursuant to 29 U.S.C. §216(b) within the applicable statute of limitation(s) at any time in the time period from the date this action is filed until final judgment is entered by the Court.

14. This collective action by similarly situated persons under 29 U.S.C. §216(b) is based upon the failure of defendant Liberty Mutual to compensate the named plaintiff and the members of the collective action defined in ¶¶10-11 above for hours worked in the time period described in ¶¶10-11 above when the named plaintiff and the group of similarly situated workers she seeks to represent performed or shall perform hours worked as field auditors in excess of 40 hours of work in the same workweek when they were and/or will be employed as field auditors by the defendant.

15. As a result of the failure to compensate the plaintiff and the members of the collective action defined in ¶¶10-11 above in the manner described in ¶14 above, the wages that the named plaintiff and the FLSA plaintiff class received free and clear from Liberty Mutual were less than the overtime rate required by 29 U.S.C. §207 on a weekly basis for each hour or part of an hour of work that each such similarly situated person was engaged to perform work.

VII. FACTUAL ALLEGATIONS

16. The plaintiff and some members of the collective action defined in ¶¶10-11 above of the Complaint were and employed as field auditors by the defendant Liberty Mutual in and around Wake County, North Carolina, other counties listed in 28 U.S.C. § 113(a), and other states and


4


possessions of the United States of America for work for which the pay period ended at some point in the time period from on or after May 13, 2008 to May 13, 2009.

17. The plaintiff and some members of the collective action defined in ¶¶10-11 above of the Complaint were and employed as field auditors by the defendant Liberty Mutual in and around Wake County, North Carolina, other counties listed in 28 U.S.C. § 113(a), and other states and possessions of the United Sates of America for work for which the pay period ended at some point in the time period from on or after May 13, 2009 to January 1, 2011.

18. During the entire time periods described in ¶¶16-17 above of this complaint, Liberty Mutual paid the plaintiff and the members of the collective action defined in ¶¶10-11 above on a salary basis on a bi-weekly basis.

19. During the entire time periods described in ¶¶10-11 and 16-17 above of this complaint, the plaintiff and the members of the collective action defined in ¶¶10-11 above performed fulltime work as field auditors substantially in excess of 40 hours per workweek on a regular basis.

20. During the entire time periods described in ¶¶10-11 and 16-17 of this complaint, defendant Liberty Mutual did not pay the named plaintiff and the members of the collective action defined in ¶¶10-11 above at the overtime rate described in 29 U.S.C. §207(a)(1) for those hours of work that are described in ¶16 above.

21. During the entire time periods described in ¶¶10-11 and 16-17 above, the plaintiff and the members of the collective action defined in ¶¶10-11 above exercised little, if any, discretion or independent judgment in carrying out their duties as field auditors for the defendant Liberty Mutual.

22. During those same time periods, the field audits which the plaintiff and the members of the collective action defined in ¶¶10-11 were done pursuant to strict guidelines under which the plaintiff and the members of that same collective action audited the payroll and other records of the defendant's insured to provide the information necessary to the defendant for the defendant to set the premium that the defendant's insured would pay for one or more type(s) of insurance coverage.

23. During those same time periods, the primary duty of the named plaintiff and the members of the collective action defined in ¶¶10-11 above consisted of conducting audits of the type described in ¶22 above, and entering the data collected as part of those audits into a computer supplied audit report form programmed by the defendant.

24. During those same time periods, the primary duty of the named plaintiff and the members of the collective action defined in ¶¶10-11 above did not include work requiring the exercise of discretion and independent judgment. Instead, it involved gathering facts and compiling those facts into a computer-supplied audit report form programmed by the defendant.

25. Upon information and belief, for those same entire time periods, the defendant Liberty Mutual did not keep or maintain and continues to not keep or maintain accurate and complete payroll records with the content and to the extent and duration of the hours worked by the named plaintiff and the members of the collective action defined in ¶¶10-11 above as required by 29 U.S.C. §211(c) and the regulations that the U.S. Department of Labor has promulgated under the FLSA.

26. For all work performed on or after January 1, 2011, defendant Liberty Mutual paid hourly wages at the overtime rate required by 29 U.S.C. § 207(a)(1) to the named plaintiff and all other persons employed by Liberty Mutual to perform work as field auditors for all work in excess

of 40 hours of work that any such persons performed for Liberty Mutual on or after January 1, 2011.

27. Through its involvement years before January 1, 2008 in a number of other lawsuits in which large numbers of workers employed by Liberty Mutual or one of the companies owned, controlled, and/or operated by Liberty Mutual claimed that they were not paid wages at the overtime rate required by 29 U.S.C. § 207(a)(1), Liberty Mutual was well aware of the requirements of 29 U.S.C. § 207(a)(1) and the scope of the overtime wage exemption set forth in 29 U.S.C. § 213(a)(1) long before January 2, 2008.

28. Through its receipt of questions and/or complaints by one or more field auditors at one or more company meetings, Liberty Mutual was aware that its field auditors were not being paid wages at the overtime rate required by 29 U.S.C. § 207(a)(1) long before January 1, 2008.

29. Based upon the knowledge and experience described in ¶27 above and its receipt of the queries and/or complaints described in ¶28 above, defendant Liberty Mutual's violation of the right of the named plaintiff and the members of the collective action defined in ¶¶10-11 above to wages at the overtime rate required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek was in reckless disregard of that same right.

VIII. FIRST CLAIM FOR RELIEF (FLSA)

30. Paragraphs 1 through 29 above are realleged and incorporated herein by reference by the plaintiff against defendant Liberty Mutual Group, Inc. ("Liberty Mutual").

31. Defendant Liberty Mutual did not pay all wages at the rate and in the amount required by 29 U.S.C. § 207(a)(1) for each hour or part of an hour described in ¶¶16-20 above that the plaintiffs and the members of the class defined in ¶¶10-11 worked as field auditors for the defendant in the three year time periods described in ¶¶10-11 and 16-20 above.

7

32. As a result of these willful actions of the defendant Liberty Mutual in reckless disregard of the rights of the plaintiff and the members of the collective action defined in ¶¶10-11 above under 29 U.S.C. §207(a)(1), the plaintiffs and the members of the collective action defined in ¶¶10-11 above of this Complaint have suffered damages in the form of unpaid wages and liquidated damages that they may recover under 29 U.S.C. §216(b).

IX. CLAIM FOR DECLARATORY RELIEF

33. Paragraphs 1 through 32 above are realleged and incorporated herein by reference against defendant Liberty Mutual Group, Inc. by the plaintiff.

34. The parties to this action are in dispute as to their respective rights, privileges and/or obligations under the Fair Labor Standards Act and require the declaratory relief as to what those respective rights, privileges, and/or obligations are.

WHEREFORE Plaintiff respectfully requests that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Declare that the defendant Liberty Mutual Group, Inc. has violated its obligations under: (i) the Fair Labor Standards Act, 29 U.S.C. §207(a)(1) to pay the plaintiff and the members of the collective action defined in ¶¶10-11 above of the Complaint at the overtime wage rate required by 29 U.S.C. §207(a)(1) for each hour or part of an hour in any work week in which the plaintiff and the members of the collective action defined in ¶¶10-11 above actually performed the work that is described in ¶¶16-20 above of the Complaint;

(c) Enter judgment against defendant Liberty Mutual Group, Inc., and in favor of the plaintiff and each member of the collective action defined in ¶¶10-11 above for compensatory damages against that defendant under the First Claim for Relief in an amount equal to the total of the

unpaid wages due the plaintiff and each member of that same collective action under 29 U.S.C. §207(a) and 216(b) for any work week in which the plaintiff and any member of that same collective action performed the work described in ¶¶16-20 of the Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. §216(b);

(d)     Award the plaintiff the costs of this action against the defendant Liberty Mutual Group, Inc.;

(e)     Award the plaintiff reasonable attorney fees under 29 U.S.C. §216(b) against the defendant Liberty Mutual Group, Inc.;

(f)     Award such other relief as may be just and proper in this action.

This the 12th day of May 2011.

LAW OFFICES OF ROBERT J. WILLIS

/s/Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1269
Raleigh, NC  27602
(919) 821-9031 tel
(919)821-1763 fax

5. W. Hargett Street
Suite 404
Raleigh, NC  27601
rwillis@rjwillis-law.com
Counsel for Plaintiff