IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER YERGER, on behalf of herself and all other similarly situated and consenting persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | PROPOSED JOINT <u>DISCOVERY PLAN</u> |
| v. | ) ) | CIVIL ACTION NO.: |
| LIBERTY MUTUAL GROUP INC., | ) ) | 5:11-CV-238-D |
| Defendant. | ) ) ) | |

    1. Pursuant to Rule 26(f), Fed.R.Civ.P., and the Initial Order Regarding Planning and Scheduling, a telephonic meeting was held on October 12, 2011 among Robert J. Willis, Esq., and M. Travis Payne, Esq. of Edelstein and Payne, counsel for named plaintiff Jennifer Yerger, and Gregory P. McGuire, Esq., and Kevin S. Joyner, Esq., of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel for defendant Liberty Mutual Group Inc.,

    2. Pre-Discovery Disclosures - The parties shall serve the disclosures required by Rule 26(a)(1), Fed.R.Civ.P., thirty (30) days after the date that this Joint Discovery Plan is approved by the Court.

    3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

        A. Discovery will be needed on the following subjects:

The claims in plaintiff's complaint and the defenses in defendant's answer.

        B. Discovery will be conducted in two(2) phases as

1

follows:

(1) <u>First Phase</u> – Plaintiff has filed a Motion to Conditionally Certify A Fair Labor Standards Act Collective Action ("Motion to Conditionally Certify") (Dkt. no. 6), and that motion currently is pending before the Court. The First Phase of discovery shall be that discovery conducted by the parties prior to such time as the Court issues an order on the Motion to Conditionally Certify.

During the First Phase of discovery, the parties may conduct discovery regarding the claims of the named plaintiff and the claims of any of the other persons who have filed Consents to Sue, subject to the limitations contained in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure except to the extent those limitations have been modified by the parties in this Joint Discovery Plan. In the First Phase of discovery, defendant may take the deposition of the named Plaintiff, and may depose any other persons who have filed Consents to Sue. Depositions taken by defendant during the First Phase of discovery of any person who has filed a Consent to Sue who was/is employed in defendant's Commercial Markets business unit (excluding the named Plaintiff) shall count towards the percentage limitation on the total number of depositions of Commercial Markets employees provided for in subparagraph 3.B.(2) below describing the Second Phase of discovery.

(2) <u>Second Phase</u> – The Second Phase of discovery shall be that

2

discovery conducted by the parties if the Court issues an order granting the Motion to Conditionally Certify, in whole or in part. During the Second Phase, discovery may proceed regarding those issues relevant to the collective action as conditionally certified, including discovery from or regarding other individuals who are potential members of a collective action and any claims that may be raised by such potential members of a collective action. Defendant shall be permitted to conduct discovery, including taking the depositions of, any person(s) who were employed in the Summit subsidiary or LMAC business unit of defendant and who file Consents to Sue subject to the limitations contained in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure except to the extent those limitations have been modified by the parties in this Joint Discovery Plan.

Defendant shall be permitted to conduct discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure from any person who has filed a Consent to Sue who was/is employed in defendant's Commercial Markets business unit, subject to the limitations contained in those rules, except to the extent those limitations have been modified by the parties in this Joint Discovery Plan.

Defendant shall be permitted to take the depositions of a sample of no more than twelve and one-half percent (12.5%) of those persons who have filed a Consent to Sue who were/are employed in defendant's Commercial Markets business unit (excluding the named

3

plaintiff). Depositions of persons who have already filed a Consent to Sue who were/are employed in defendant's Commercial Markets business unit taken during the First Phase of discovery shall count towards this total of 12.5%.

    C. Discovery of the type and manner set forth below shall be had:

        i. The plaintiff shall be allowed a total of 7 depositions in aggregate for the two phases of discovery, including any person(s) designated by defendant under Rule 30(b)(6), Fed.R.Civ.P., to count as one deposition, provided, however, that defendant shall have the right to seek a protective order or other relief in response to a Rule 30(b)(6) deposition notice that is objectionable under the Federal Rules of Civil Procedure.

        ii. Notwithstanding the percentage limitation on the total number of depositions of Commercial Markets employees set forth above, defendant will be allowed to take a total of no less than seven (7) depositions , in the aggregate for the two phases of discovery, of individuals who file a Consent to Sue with the Court pursuant to 29 U.S.C. §216(b);

        iii. The plaintiff may serve a total of 25 interrogatories, including discrete subparts, on the defendant, and the defendant may serve a total of 25 interrogatories, including discrete subparts, on the named plaintiff in this action, and if a collective action is conditionally certified by the Court, defendant may serve a total of 15 interrogatories, including

4

discrete subparts, on any individual who files a Consent to Sue with the Court pursuant to 29 U.S.C. §216(b);

iv. Pursuant to Rule 36, Fed.R.Civ.P., the named plaintiff may serve a total of 25 requests for admissions on the named defendant, and the defendant may serve a total of 25 requests for admissions on the named plaintiff in this action, and if a collective action is conditionally certified by the Court, defendant may serve a total of 15 requests for admissions, including subparts, on any individual who files a Consent to Sue with the Court pursuant to 29 U.S.C. §216(b);

v. Absent good cause shown to the Court, there shall be no specific limitation on the number of requests for production of documents under Rule 34, Fed.R.Civ.P.

vi. Each deposition shall be limited to a maximum of 7 hours, exclusive of breaks, unless extended by agreement of the parties. This time limitation shall apply separately with respect to each separate person(s) designated to testify by defendant pursuant to Rule 30(b)(6), Fed.R.Civ.P.

vii. If this action is not conditionally certified as a collective action under 29 U.S.C. § 216(b), the date for the completion of all discovery (general and expert) shall be April 30, 2012. If this action is conditionally certified as a collective action under 29 U.S.C. § 216(b), the date for the completion of all discovery (general and expert) shall be July 31, 2012.

viii. Reports from retained experts under Rule

5

26(a)(2) are due during the discovery period:

From Plaintiff by February 28, 2012, unless this action is conditionally certified as a collective action, in which case, expert report(s) are due by March 30, 2012.

From Defendant by March 30, 2012, unless this action is conditionally certified as a collective action, in which case, expert report(s) are due by May 31, 2012.

  ix. Supplementations of disclosures and discovery responses shall be made as required under Federal Rule of Civil Procedure 26(e).

 D. Electronically Stored Information:

Pursuant to Federal Rule 26, the parties will meet and confer on or before November 4, 2011 to attempt to reach an agreement regarding the preservation and discovery of electronically stored information. Defendant will have a representative knowledgeable about Defendant's electronic data storage, preservation and retrieval capabilities participate in the conference. If an agreement is reached regarding the preservation and discovery of electronically stored information, the parties will memorialize the agreement in some fashion acceptable to both parties.

 5. Other items - The parties request a final pretrial conference be scheduled one month prior to the date set for trial.

 A. Plaintiff should be allowed until December 31, 2011 to move to join additional named plaintiffs or named defendants or to amend pleadings. Plaintiff should be allowed until 60 days

after the date on which the Court decides any motion by the named plaintiff for conditional certification of this action as a collective action under 29 U.S.C. §216(b) and for authorization to distribute written notice to all putative members of that putative collective action to file additional Consents to Sue by any person(s) who desire to participate in this collective action pursuant to 29 U.S.C. §216(b).

    B. Defendant should be allowed until January 31, 2012 to move to join additional named plaintiffs or named defendants or to amend pleadings.

    C. All potentially dispositive motions shall be filed within 30 days after the date that the discovery period closes.

    D. The parties are not yet able to determine whether settlement is possible at this point. However, the parties will continue to reevaluate this and will conduct a mediation prior to the close of the discovery period. The parties will confer and attempt to agree upon a mediator, and will notify the Court of such selection.

    E. The exchange of final lists of witnesses and exhibits, and any objections thereto, shall be governed by Fed. R. Civ. P. 26(a)(3) and Local Civil Rule 16.1.

    F. If this action is not conditionally certified as a collective action under the F.L.S.A., the case should be ready for trial by jury by October, 2012, and should take approximately 2-3 days. If this action is conditionally certified as a collective

7

action under the F.L.S.A., the case should be ready for trial by jury by February, 2013, and should take approximately 4-5 days.

      G. The parties have conferred and are not able to agree that the trial of this matter may be conducted by a U.S. Magistrate Judge.

OGLETREE, DEAKINS, NASH, SMOAK    LAW OFFICES OF ROBERT J. WILLIS
& STEWART, P.C.

BY:/s/ Gregory B. McGuire        BY: /s/ Robert J. Willis
   Gregory P. McGuire, Esq.       Robert J. Willis, Esq.
   NC Bar #14237                  NC Bar #10730
   Kevin S. Joyner, Esq.          (mailing address)
   NC Bar #25605                  rwillis@rjwillis-law.com
   4208 Six Forks Rd, Suite 1100   P.O. Box 1269
   Raleigh, North Carolina 27609   Raleigh, NC 27602
   Tel: (919)787-9700            (919)821-9031
   Fax: (919)783-9412 (facsimile)  (919)821-1763 (facsimile)
   Counsel for Defendant         (street address)
                                    5 W. Hargett Street
                                    Suite 404, 4th Floor
                                    Raleigh, NC 27601
                                    Counsel for Plaintiff

DATE: October 27, 2011           DATE: October 27, 2011

ORDER OF APPROVAL

The court has reviewed the Joint Discovery Plan submitted by the parties. The order is approved without modification.

_____
For the Court

This the _____ day of _____, 2011.