IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-238-D

| | | |
|---|---|---|
| JENNIFER YERGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LIBERTY MUTUAL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On May 13, 2011, Jennifer Yerger ("Yerger" or "plaintiff") filed suit on behalf of herself and all other similarly situated and consenting persons against Liberty Mutual Group, Inc. ("Liberty Mutual" or "defendant"). Compl. [D.E. 2]. Yerger alleges that Liberty Mutual failed to pay overtime wages in accordance with the Fair Labor Standards Act ("FLSA") and seeks reimbursement for unpaid overtime. See id. ¶ 1. On June 3, 2011, Yerger filed a motion asking the court to conditionally certify this action as a FLSA collective action under 29 U.S.C. § 216(b) "for all [f]ield [a]uditors employed by Liberty Mutual . . . at any time in the three years prior to the date notice is mailed until the date final judgment is entered . . . who were not paid" overtime wages under 29 U.S.C. § 207(a)(1) [D.E. 6]. On November 15, 2011, the court denied Yerger's motion for conditional certification [D.E. 35]. On December 7, 2011, Yerger moved to amend her complaint and to join additional plaintiffs, Pl.'s Mot. Amend & Join [D.E. 36], and filed a supporting memorandum, Pl.'s Mem. Supp. Mot. Amend & Join [D.E. 37]. On December 15, 2011, Liberty Mutual moved to amend its answer, Def.'s Mot. Amend Answer [D.E. 40], and filed a supporting memorandum [D.E. 41]. On January 6, 2012, Yerger renewed her motion to conditionally certify this action as a FLSA collective action under section 216(b), Pl.'s 2d Mot. Certify [D.E. 43], and

filed a supporting memorandum, Pl.'s Mem. Supp. 2d Mot. Certify [D.E. 44]. On January 13, 2012, Liberty Mutual filed a memorandum opposing Yerger's motion to amend her complaint and to join additional plaintiffs. Def.'s Mem. Opp'n Mot. Amend & Join [D.E. 46]. On January 20, 2012, Yerger replied. Pl.'s Reply Mot. Amend & Join [D.E. 47]. On January 30, 2012, Liberty Mutual filed a memorandum opposing Yerger's renewed motion to conditionally certify this action. Def.'s Mem. Opp'n 2d Mot. Certify [D.E. 48]. On February 13, 2012, Yerger replied. Pl.'s Reply 2d Mot. Certify [D.E. 49]. On April 16, 2012, Yerger moved to file an additional declaration in support of her renewed motion for conditional certification [D.E. 58], as well as a supporting memorandum [D.E. 59]. On May 8, 2012, Liberty Mutual responded in opposition [D.E. 60]. On May 10, 2012, Yerger moved to enlarge the time to file the additional declaration in support of her renewed motion for conditional certification [D.E. 61]. As explained below, the court denies Yerger's motion to amend her complaint and to join additional parties, grants Liberty Mutual's motion to amend its answer, grants Yerger's motion to enlarge the time to file an additional declaration, grants Yerger's motion to file the additional declaration, and denies Yerger's renewed motion for conditional certification.

I.

Yerger seeks to amend her complaint, see Pl.'s Mot. Amend & Join, and Liberty Mutual seeks to amend its answer, see Def.'s Mot. Amend Answer. Each party filed a motion to amend by the deadline set forth in the scheduling order [D.E. 34]. Thus, Federal Rule of Civil Procedure 15 governs the analysis. See Nourisan Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir. 2008).

Rule 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1).

2

Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint or answer unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008). Whether to grant leave to amend a complaint or answer is committed to the sound discretion of the trial court. Steinburg, 527 F.3d at 390; United States v. Pittman, 209 F.3d 314, 316 (4th Cir. 2000).

As for Yerger's motion to amend her complaint, Yerger first seeks to amend her complaint to join as named plaintiffs Judith L. Byrd ("Byrd"), Kerry S. Heavens ("Heavens"), Deavon Pressley ("Pressley"), and Alechia Dawn Buffalo ("Buffalo"), all of whom are Liberty Mutual field auditors. Pl.'s Mot. Amend & Join 1; Pl.'s Mem. Supp. Mot. Amend & Join 6–7; see [D.E. 36-1] ¶¶ 6–9. Yerger also asks for Byrd to serve as a representative of the proposed class. See [D.E. 36-1] ¶¶ 14–16.

Federal Rule of Civil Procedure 20(a)(1) governs joinder of plaintiffs. See Fed. R. Civ. P. 20(a)(1). Rule 20(a)(1) provides that

> [p]ersons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Id. District courts enjoy "wide discretion" when deciding whether to permit joinder under Rule 20. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007).

3

Under the FLSA, an employee may bring an action to recover unpaid overtime wages "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b)'s "similarly situated" standard for conditional certification is related to Rule 20's "same transaction, occurrence, or series of transactions or occurrences" standard for joinder of plaintiffs. Both measure the degree of similarity between the plaintiff's position and the position of another individual, be it a potential class member or a proposed additional plaintiff. Section 216(b)'s standard, however, is more lenient than Rule 20's. See Grayson v. K Mart Corp., 79 F.3d 1086, 1095–97 (11th Cir. 1996); Flavel v. Svedala Indus., Inc., 875 F. Supp. 550, 553 (E.D. Wis. 1994); accord Pl.'s Mem. Supp. 2d Mot. Certify 8. Thus, if a plaintiff fails to meet section 216(b)'s flexible, elastic standard as to a class of individuals, the plaintiff necessarily fails to satisfy Rule 20's stricter standard as to any individual in that class. See, e.g., Stone v. First Union Corp., 216 F.R.D. 540, 549 (S.D. Fla. 2003), reversed on other grounds, 371 F.3d 1305 (11th Cir. 2004).

The court has held that Yerger failed to satisfy section 216(b)'s "similarly situated" standard. See [D.E. 35] 8–11. In so holding, the court explained, among other things, that "Yerger's work [as a field auditor in Johnston County, North Carolina for Liberty Mutual's commercial markets business unit] was much less complex than the work of field auditors in states where Liberty Mutual did not contract with the state to service involuntary market pool participants." Id. 3; see [D.E. 28-3] ¶ 12; [D.E. 28-6] ¶ 5. Nevertheless, "Yerger exhibited a lack of confidence in her decision-making" and consequently "exercised less discretion and independent judgment than her peers." [D.E. 35] 3–4, 10 (quotation omitted); see [D.E. 7-3] ¶ 7; [D.E. 28-6] ¶ 6. Given the unique nature of Yerger's individual work, the court did not conclude merely that Yerger was not similarly situated to a broad, nationwide class of field auditors working in any of Liberty Mutual's three business units. Nor did the court conclude merely that Yerger was not similarly situated to a narrow class of field auditors

4

in Liberty Mutual's commercial markets business unit and located in Johnston County, North Carolina. Rather, the court concluded that Yerger's "specific work as a field auditor in [Johnston] County, North Carolina, was substantially different from the work of other Liberty Mutual field auditors." [D.E. 35] 10. Stated differently, Jennifer Yerger is not similarly situated to any Liberty Mutual field auditor other than Jennifer Yerger.

Because Yerger fails section 216(b)'s "similarly situated" standard as to all other Liberty Mutual field auditors, she necessarily fails Rule 20's "same transaction, occurrence, or series of transactions or occurrences" standard as to all other Liberty Mutual field auditors, regardless of the nature, scope, and complexity of the other field auditors' practices, and regardless of the other field auditors' job titles, pay grades, business units, and geographic locations. See Stone, 216 F.R.D. at 549; see also Grayson, 79 F.3d at 1095–97; Flavel, 875 F. Supp. at 553. Moreover, joinder would prejudice Liberty Mutual given the potential for jury confusion over fact-intensive claims concerning the FLSA's administrative exemption. See, e.g., Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220–21 (D. Conn. 2003). Thus, the court declines to join Byrd, Heavens, Pressley, and Buffalo as named plaintiffs to Yerger's complaint.

Opposing this conclusion, Yerger makes several arguments. First, Yerger contends that "the Court's [November 15, 2011] order denying conditional certification is not a final order which conclusively decided the issue of whether the FLSA claims of the four putative plaintiffs are similarly situated to plaintiff Yerger's FLSA claim." Pl.'s Reply Mot. Amend & Join 3 (quotation omitted). Rather, Yerger contends that the order was preliminary, and is subject to the court's review and revision. See id.

The court may review and revise its November 15, 2011 order. Yerger, however, has provided no new evidence or argument persuasively suggesting that the court should. In support of

5

her motion to amend and to join additional parties, Yerger provided one supplemental declaration from Yerger [D.E. 37-1] and one supplemental declaration from Byrd [D.E. 43-1],[1] and otherwise relied on evidence submitted with her previous motion for conditional certification. See Pl.'s Mem. Supp. Mot. Amend & Join 1–3, 6–7; Pl.'s Reply Mot. Amend & Join 1–2, 6–7 & n.2. Neither supplemental declaration addresses the unique nature of Yerger's auditing work. The declarations suggest that Yerger's high volume of low-complexity audits of involuntary market pool participants is not atypical among Liberty Mutual field auditors. See [D.E. 37-1] ¶ 12 & Ex. H; [D.E. 43-1] ¶¶ 3, 9–13 & Ex. H. But like the evidence Yerger submitted with her first motion for conditional certification, Yerger's and Byrd's supplemental declarations altogether "fail[] to rebut the substantial evidence that . . . Yerger performed smaller, less complex audits, and yet still exercised less discretion and independent judgment than her peers." [D.E. 35] 10; see [D.E. 37-1] ¶¶ 1–12 & Ex. H; [D.E. 43-1] ¶¶ 1–13 & Ex. H. In fact, Byrd's supplemental declaration supports the court's conclusion that Yerger is not similarly situated to any other Liberty Mutual field auditor. Byrd repeatedly asserts that "[a]n audit is an audit," and that "all auditors [are] interchangeable," regardless of the scope, content, or complexity of their audit practice, and regardless of their job title, pay grade, business unit, or geographic location. [D.E. 43-1] ¶¶ 9–13. In light of such alleged uniformity, Yerger's atypical lack of discretion and independent judgment reinforces the court's conclusion that Jennifer Yerger is not similarly situated to any Liberty Mutual field auditor other than Jennifer Yerger. Accordingly, nothing in Yerger's and Byrd's supplemental declarations merits

---

[1] Yerger actually submitted Byrd's supplemental declaration in connection with Yerger's renewed motion for conditional certification [D.E. 43]. Nevertheless, the court will consider Byrd's supplemental declaration in deciding Yerger's motion to amend and to join additional parties.

6

reconsideration of the court's November 15, 2011 order.[2]

Second, Yerger contends that the November 15, 2011 order was not "an actual determination as to whether the work performed by plaintiff Yerger was 'similarly situated' to the work performed by" Byrd, Heavens, Pressley, and Buffalo. Pl.'s Reply Mot. Amend & Join 3 (emphasis removed); see id. 4 (arguing that the court should not inquire "into the different positions and tasks of the putative plaintiffs" (quotation omitted)). The difference between Yerger's first and second arguments is semantic. In any event, the two arguments fail on the same principle: "A plaintiff has the burden of showing a 'reasonable basis' for [her] claim that there are other similarly situated employees." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). Yerger has failed to carry her burden of proving that she is similarly situated to any other Liberty Mutual field auditors. See [D.E. 35] 3–4, 10–11. Thus, she necessarily fails to demonstrate that her claims against Liberty Mutual arise out of the same transaction, occurrence, or series of transactions or

---

[2] On April 16, 2012, Yerger moved to file a declaration from Kathryn Cobb ("Cobb") in support of Yerger's renewed motion for conditional certification [D.E. 58, 58-1]. The court grants Yerger's motion to file Cobb's declaration. In her declaration, Cobb states that she "was on the phone all the time to speak with [her] immediate supervisor about what determination [she] should make if that determination was not routine. [She] also contacted an employee at NCCI or an employee at the internal underwriting department of Liberty Mutual doing business as Summit Consulting, Inc. if that determination was not routine and [if her] manager was not able to supply the answer for [her]." [D.E. 58-1] ¶ 14. Although Yerger cites Cobb's statement to demonstrate that Yerger's inability to exercise discretion and independent judgment is not unique among Liberty Mutual field auditors, Cobb's statement recites language almost identical to that of six other declarations already filed in this case. See [D.E. 30-1] ¶ 6; [D.E. 30-2] ¶ 6; [D.E. 30-3] ¶ 6; [D.E. 30-4] ¶ 6; [D.E. 30-5] ¶ 6; [D.E. 30-6] ¶ 6. Other parts of Cobb's declaration likewise copy portions of declarations already filed in this case. Compare [D.E. 58-1], with [D.E. 30-1, 30-2, 30-3, 30-4, 30-5, 30-6]. Such verbatim, conclusory recitation suggests that Cobb signed her declaration without significant reflection. See [D.E. 35] 9. Moreover, the declarations fail to address the previously discussed unique circumstances of Yerger's employment, including her day-to-day activities and interactions with her supervisor. Cf. Mike, 274 F. Supp. 2d at 220–21. Accordingly, Cobb's declaration carries minuscule evidentiary weight, and does not alter the court's conclusion.

7

occurrences as those of Byrd, Heavens, Pressley, and Buffalo. See Stone, 216 F.R.D. at 549; see also Grayson, 79 F.3d at 1095–97; Flavel, 875 F. Supp. at 553.

Hoping to avoid this conclusion, Yerger asserts that her burden of proving that she is similarly situated to Byrd, Heavens, Pressley, and Buffalo, or to any other Liberty Mutual field auditor, applies only at the second, decertification step of section 216(b)'s two-step analysis, which the court did not reach in its November 15, 2011 order. See Pl.'s Reply Mot. Amend & Join 4. Yerger is incorrect.[3] Albeit with different degrees of leniency, section 216(b)'s "similarly situated" standard applies to both the first and the second steps of the section's class certification process. See Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010) (per curiam) ("First, the court determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. . . . Second, after discovery is largely complete and more information on the case is available, the court makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action."); Morgan, 551 F.3d at 1260–61 (holding that at the conditional certification phase, "[a] plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees"); Anderson v. Cagle's, Inc., 488 F.3d 945, 952–53 (11th Cir. 2007) ("[A]t the initial stage, courts apply a fairly lenient standard for determining whether the plaintiffs are truly similarly

---

[3] To support this argument, Yerger cites O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567 (6th Cir. 2009). Pl.'s Reply Mot. Amend & Join 4. Yerger's reliance on O'Brien is misplaced. In O'Brien, the district court conditionally certified the proposed class at step one of section 216(b)'s two-step analysis. See O'Brien, 575 F.3d at 573, 583. At step two, however, the district court decertified the class. Id. No party challenged the district court's conditional certification at step one. The appeal concerned only the district court's decertification at step two. See id. Thus, the Sixth Circuit discussed section 216(b)'s "similarly situated" standard in connection with the district court's decertification at step two not because section 216(b)'s "similarly situated" standard applies only at step two, but because the district court's decision to decertify at step two was the only issue before the court. See id. at 583–87.

8

situated. . . . The similarly situated standard at the second stage is less lenient than at the first . . . ." (quotations omitted)); see also Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102–03 (10th Cir. 2001).

In short, because Yerger has failed to demonstrate that she is similarly situated to any other Liberty Mutual field auditor, including Byrd, Heavens, Pressley, and Buffalo, she necessarily fails Rule 20's "same transaction, occurrence, or series of transactions or occurrences" standard as to Byrd, Heavens, Pressley, and Buffalo. See Stone, 216 F.R.D. at 549; see also Grayson, 79 F.3d at 1095–97; Flavel, 875 F. Supp. at 553. Yerger therefore cannot join Byrd, Heavens, Pressley, and Buffalo as named plaintiffs in this case, see Fed. R. Civ. P. 20(a)(1)(A), and the court denies Yerger's motion to amend her complaint to do so.

Yerger next seeks to amend her complaint to define in the alternative the class she purports to represent. See Pl.'s Mot. Amend & Join 1–2; [D.E. 36-1] ¶¶ 14–16; see also Pl.'s Mem. Supp. Mot. Amend & Join 2–3. Yerger seeks to define the class as follows:

> [A]ll field premium auditors who have filed a timely consent to sue pursuant to 29 U.S.C. § 216(b) whose Job Grade was 13 or less who were employed by Liberty Mutual . . . in [Liberty Mutual's] Commercial Markets strategic business unit, [Liberty Mutual's] Liberty Mutual Agency Corporation . . . strategic business unit, and/or [Liberty Mutual's] indirect but wholly owned subsidiary, Summit Consulting, Inc. . . . , at any time in the time period from May 13, 2008 to January 1, 2011, and who were not paid wages at the overtime rate required by 29 U.S.C. § 207(a)(1).
>
> In the first alternative, . . . all field premium auditors who have filed a timely consent to sue pursuant to 29 U.S.C. § 216(b) whose Job Grade was 13 or less who were employed by Liberty Mutual . . . in [Liberty Mutual's] Commercial Markets strategic business unit and/or [Liberty Mutual's] Liberty Mutual Agency Corporation . . . strategic business unit at any time in the time period from May 13, 2008 to January 1, 2011, and who were not paid wages at the overtime rate required by 29 U.S.C. § 207(a)(1).
>
> In the second alternative, . . . all field premium auditors who have filed a timely consent to sue pursuant to 29 U.S.C. § 216(b) whose Job Grade was 13 or less who

were employed by Liberty Mutual . . . in [Liberty Mutual's] Commercial Markets strategic business unit at any time in the time period from May 13, 2008 to January 1, 2011, and who were not paid wages at the overtime rate required by 29 U.S.C. § 207(a)(1).

[D.E. 36-1] ¶¶ 14–16.

Yerger seeks to amend her complaint so that she can renew her motion to conditionally certify this action as a FLSA collective action under section 216(b). See Pl.'s 2d Mot. Certify 1–2. As explained, however, Yerger is not similarly situated to any of the classes she defines in her proposed amended complaint. Thus, even if Yerger amended her complaint, the action still could not be conditionally certified under section 216(b). The court therefore rejects Yerger's proposed amended complaint as futile. See, e.g., Laber, 438 F.3d at 426; Steinburg, 527 F.3d at 390.

Opposing this conclusion, Yerger contends that her and Byrd's supplemental declarations provide sufficient "new evidence to justify amending [Yerger's] complaint in the manner proposed . . . ." Pl.'s Reply Mot. Amend & Join 10. As explained, Yerger's new evidence cannot bear the evidentiary weight she seeks to place on it. Yerger's proposed amended complaint is futile, and her motion to amend the complaint therefore fails.

As for Liberty Mutual's motion to amend its answer, Liberty Mutual seeks to withdraw three of its alleged affirmative defenses and to add one previously unalleged affirmative defense. Def.'s Mot. Amend Answer 1–2; see [D.E. 40-1]. Liberty Mutual's proposed changes do not relate to Yerger's motion to amend her complaint and to join additional parties. See Def.'s Mot. Amend Answer 1–2. Liberty Mutual represents that "counsel for plaintiff has indicated [that] plaintiff has 'no strong objections' to Liberty Mutual's request to amend its Answer . . . ." Id. 2. Yerger has not filed a memorandum opposing Liberty Mutual's motion to amend. Moreover, granting Liberty Mutual's motion to amend its answer would not prejudice Yerger, the motion was not made in bad

10

faith, and the amendment is not futile. Accordingly, the court grants Liberty Mutual's motion to amend its answer.

II.

Yerger has renewed her motion to conditionally certify this action as a FLSA collective action under section 216(b). See Pl.'s 2d Mot. Certify. Yerger, however, predicates her motion on the court granting her motion to amend and to join additional parties. See id. 1–2 (seeking conditional certification based exclusively on the proposed amended complaint). Because the court denies Yerger's motion to amend and to join additional parties, Yerger's renewed motion for conditional certification likewise fails. Cf. [D.E. 35].

III.

Accordingly, the court DENIES Yerger's motion to amend the complaint and to join additional parties [D.E. 36], GRANTS Liberty Mutual's motion to amend its answer [D.E. 40], GRANTS Yerger's motion to enlarge the time to file an additional declaration [D.E. 61], GRANTS Yerger's motion to file an additional declaration [D.E. 58], and DENIES Yerger's renewed motion to conditionally certify this action as a FLSA collective action under 29 U.S.C. § 216(b) [D.E. 43].

SO ORDERED. This 24 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge

11