IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-238-D

JENNIFER YERGER, on behalf of herself )
and all other similarly situated and )
consenting persons, )
)
      Plaintiffs, ) **ORDER**
)
v. )
)
LIBERTY MUTUAL GROUP, INC., )
)
      Defendant. )

This case comes before the court on a motion (D.E. 50) by plaintiff Jennifer Yerger ("plaintiff") to compel answers to interrogatories from defendant Liberty Mutual Group, Inc. ("defendant") and a motion (D.E. 52) by her to compel production of documents from defendant. The motions have been fully briefed.[1] They have been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (D.E. 66).

## BACKGROUND

### I.    PLAINTIFF'S CLAIMS

In this action commenced 12 May 2011, plaintiff asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, arising from her employment as a field premium auditor with defendant. (Compl. (D.E. 2) ¶ 1). She alleges that defendant failed to compensate her and similarly situated individuals for certain overtime work. (*Id.* ¶ 10). Plaintiff asserted her FLSA claims as a collective action, pursuant to the provisions of that statute, 29

---

[1] In support of her motion to compel answers to interrogatories, plaintiff filed a memorandum (D.E. 51) and exhibits (D.E. 50-1 through 50-9, 51-1 through 51-6). Defendant filed a memorandum in opposition (D.E. 54) and an exhibit (D.E. 54-1). In support of her motion to compel production of documents, plaintiff filed a memorandum (D.E. 53) and exhibits (D.E. 52-1 through 52-10, 53-1 through 53-6). Defendant filed a memorandum in opposition (D.E. 55) with an exhibit (D.E. 55-1).

U.S.C. § 216(b). (*Id.* ¶¶ 10, 13). She seeks unpaid back wages, unpaid benefits, liquidated damages, attorneys' fees, and other relief. (*Id.*, Prayer for Relief). Defendant generally denies plaintiff's substantive allegations. (*See* Def.'s Ans. (D.E. 16)).

On 3 June 2011, plaintiff filed a motion (D.E. 6) for conditional certification of a nationwide class of field premium auditors employed by defendant. The proposed class included field premium auditors from defendant's Commercial Markets business unit where plaintiff worked, as well as field premium auditors employed by two of defendant's subsidiaries or related businesses, Liberty Mutual Agency Corporation ("LMAC") and Summit Consulting, Inc. ("Summit") (1st Mot. for Cond. Cert. 7; Def.'s Opp. to 1st Mot. for Cond. Cert. (D.E. 28) 2)). On 15 November 2011, the court denied the motion for conditional certification. (*See* Order (D.E. 35)).

Plaintiff subsequently filed a second motion (D.E. 43) to conditionally certify this case as a collective action and a motion (D.E. 36) to amend the complaint to join several individuals as plaintiffs. Both motions have been denied (*See* 24 Sept. 2012 Order (D.E. 80)). Over ten people have filed consents to sue pursuant to 29 U.S.C. § 216(b). (D.E. 10, 11, 13-15, 20, 21, 24, 31, 56).

## II. DISCOVERY

While plaintiff's first motion for conditional certification was pending, the parties filed a proposed discovery plan (D.E. 33). On 27 October 2011, the court entered a Scheduling Order (D.E. 34) adopting the proposed plan. The Scheduling Order provides for a bifurcated discovery schedule. In the first phase, defined as the time period before the court ruled on plaintiff's initial conditional certification motion, the parties would "conduct discovery regarding the claims of

2

the named plaintiff and the claims of any of the other persons who have filed consents to sue, subject to the limitations contained in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure." (Proposed Jt. Disc. Plan ¶ 3B(1)). The second phase of discovery would be conducted only "if the court issues an order granting the motion to conditionally certify, in whole or in part." (*Id.* ¶ 3B(2)). During the second phase, discovery would be permitted "regarding those issues relevant to the collective action as conditionally certified, including discovery from or regarding other individuals who are potential members of a collective action and any claims that may be raised by such potential members of a collective action." (*Id.* ¶ 3B(2)).

On 10 November 2011, before the court denied plaintiff's first motion for conditional certification, she served on defendant her first set of interrogatories (Ints. no. 1-15) (D.E. 50-1). On 20 December 2011, defendant served its initial responses to the interrogatories (D.E. 50-2). On 31 January 2012, it served its first set of supplemental responses to these interrogatories (supplementing Ints. no. 2, 3) (D.E. 50-6) and on 6 April 2012 a second set of supplemental responses (supplementing Ints. no. 6-8) (D.E. 70-1).

On 13 January 2012, plaintiff served another interrogatory on plaintiff (Int. no. 16), denominated the second set of interrogatories (D.E. 50-8). On 16 February 2012, defendant served its response to the second set of interrogatories (D.E. 50-9).

Plaintiff served her first requests for production of documents (Reqs. no. 1-20) (D.E. 52-4) with her first set of interrogatories on 10 November 2011. On 20 December 2011, defendant served its responses to these requests for production (D.E. 52-5). On 3 February 2012, defendant produced a privilege log (D.E. 50-7) pursuant to Fed. R. Civ. P. 26(b)(5)(A) for the documents it had withheld on the grounds of attorney-client privilege. On 6 April 2012, defendant served a

supplemental response to plaintiff's production requests (supplementing Reqs. no. 7, 8) (D.E. 70-2). Defendant had previously withheld a number of documents pending entry of a protective order, which the court entered on 12 June 2012 (D.E. 69).

On 13 January 2012, plaintiff served on defendant a second set of requests for production of documents (Reqs. no. 21-26) (D.E. 52-8). On 16 February 2012, defendant served its response to these requests (D.E. 52-9).

## III. MOTIONS TO COMPEL

Plaintiff filed the instant motions to compel on 28 February 2012. The motions relate to Interrogatories no. 6-9, 12, 15, and 16 and Requests for Production ("Requests") no. 4-11, 12(c), 13, 15-19, 22, 24, and 26. However, on 19 June 2012, the parties filed a joint notice (D.E. 70) stating that their dispute: regarding Interrogatories no. 6 to 8 had been resolved based on defendant's second supplemental response to the first set of interrogatories; regarding Requests no. 7 and 8 had been resolved by defendant's supplemental response to the production requests; and regarding Request no. 22 had been resolved by defendant's submission of a declaration of one of its officers, Kristin Ciotti (D.E. 70-3). (Jt. Notice 1-2). The notice also acknowledged that the motions were moot as to these requests. (*Id.* 2). The court accordingly DENIES as moot the portions of the motions relating to these discovery requests.

## DISCUSSION

## I. APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

4

supplemental response to plaintiff's production requests (supplementing Reqs. no. 7, 8) (D.E. 70-2). Defendant had previously withheld a number of documents pending entry of a protective order, which the court entered on 12 June 2012 (D.E. 69).

On 13 January 2012, plaintiff served on defendant a second set of requests for production of documents (Reqs. no. 21-26) (D.E. 52-8). On 16 February 2012, defendant served its response to these requests (D.E. 52-9).

## III. MOTIONS TO COMPEL

Plaintiff filed the instant motions to compel on 28 February 2012. The motions relate to Interrogatories no. 6-9, 12, 15, and 16 and Requests for Production ("Requests") no. 4-11, 12(c), 13, 15-19, 22, 24, and 26. However, on 19 June 2012, the parties filed a joint notice (D.E. 70) stating that their dispute: regarding Interrogatories no. 6 to 8 had been resolved based on defendant's second supplemental response to the first set of interrogatories; regarding Requests no. 7 and 8 had been resolved by defendant's supplemental response to the production requests; and regarding Request no. 22 had been resolved by defendant's submission of a declaration of one of its officers, Kristin Ciotti (D.E. 70-3). (Jt. Notice 1-2). The notice also acknowledged that the motions were moot as to these requests. (*Id.* 2). The court accordingly DENIES as moot the portions of the motions relating to these discovery requests.

## DISCUSSION

## I. APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

## II. MOTION TO COMPEL ANSWERS TO INTERROGATORIES (D.E. 50)

### A. Interrogatories no. 9 and 16

Interrogatory no. 9 seeks information regarding any federal and state investigations or compliance audits of defendant, LMAC, and Summit with respect to the overtime wage requirements applicable to their employees. It reads:

> Please specify the date(s), nature, and result/outcome of any investigation(s) and/or compliance audit(s) of any place of business or work sites(s) owned, operated or controlled by [defendant], LMAC, and/or Summit that was conducted by the U.S. Department of Labor and/or any state Department of Labor at any time in the time period from January 1, 2000 to the present with respect to any complaint(s), issue(s), review(s), audit(s), and/or investigation(s) that concerned the application of the overtime wage requirements that are described in 29 U.S.C.

5

§ 207 and/or any state wage and hour law to any person(s) employed by [defendant], LMAC, and/or Summit in any such place of business or work site.

(Int. no. 9). Interrogatory no. 16 seeks the same information when defendant, LMAC, and Summit deemed the employees involved to be serving in a bona fide administrative capacity.

Defendant objects to the breadth of this interrogatory on the grounds that it is not limited to the claims in this case and exceeds the relevant time frame, is related to *any* state wage and hour law, is not limited to field premium auditors, and seeks information regarding individuals who worked outside of Commercial Markets. Subject to its objections, defendant answered both interrogatories by stating that it was "not aware of any investigation(s) and/or compliance audit(s) of any of its field Premium Auditors" regarding wage requirements. (Resp. to Ints. no. 9, 16). For the following reasons, the court finds defendant's response to be sufficient.

The Scheduling Order in this case provides for discovery beyond that relating to plaintiff and any persons filing consents to sue only in the event that the then-pending motion to conditionally certify was allowed. Because that motion was denied by the court and the court has since denied plaintiff's second motion for certification as well as her motion to amend to join additional plaintiffs, the broad discovery plaintiff seeks is outside the permissible scope of discovery. Indeed, even discovery relating to the persons who have filed consents to sue is no longer permissible because the court has determined that this is not a collective action. Instead, this is a single-plaintiff case and the permissible discovery is limited accordingly. Defendant has answered adequately the permissible portion of these interrogatories. To the extent that plaintiff's motion seeks relief as to the remaining portions of these interrogatories, it is DENIED.

**B.   Interrogatory no. 12**

Interrogatory no. 12 asks for the identity of
6

each person(s) who prepared or assisted in the preparation of any part of [defendant's] response(s) to these interrogatories (excepting the person who typed or reproduced the response(s)), the manner in which each such person(s) prepared or assisted in the preparation of any such part, and the specific number and/or lettered subpart of each interrogatory and/or interrogatory subpart for which each such person(s) prepared or assisted in the preparation of the response(s).

(Int. no. 12). Defendant responded generally that its responses were prepared by its counsel based on information provided to it by defendant, but refused to provide any more specific information on the grounds that such information is protected by the attorney work product doctrine. The court agrees.

The work product doctrine, as codified in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, is based on the Supreme Court's seminal decision in *Hickman v. Taylor*, 329 U.S. 495 (1947), and protects against the disclosure of certain materials prepared in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3)(A). As the proponents of work product protection, defendant has the burden of establishing its applicability. *Sandberg v. Va. Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir. 1992).

Work product materials may be classified as either fact work product or opinion work product. While fact work product is discoverable "upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship," opinion work product "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Grand Jury Proceedings, Thursday Special Grand Jury*, 33 F.3d 342, 348 (4th Cir. 1994).

The interrogatory here is an inquiry into the manner in which defendant is preparing its case for trial, rather than the facts relating to the claims and defenses in the case. *In re Equaphor Inc.*, No. 10–20490–BFK, 2012 WL 1682583, at *5 (Bkrtcy. E.D. Va. 14 May 2012) ("[I]n this

Circuit, opinion work product—that is, work product that contains the mental impressions or theories of counsel—enjoys nearly absolute protection from disclosure under the rules of discovery."). Specifically, instead of seeking the identity of persons with knowledge about the substance of the case, this interrogatory inquires into details about defendant's preparation of its responses to interrogatories, namely, as indicated, the identity of the attorney drafting each one, the manner in which the attorney compiled the information, and the identity of each individual the attorney spoke to before drafting a response. The focus, in short, is on gaining insight into defense counsel's mental impressions and legal theories. *Cf. Hosch v. United Bank, Inc.*, No. 4:09–cv–1490–TLW–TER, 2012 WL 486478, at *4 (D.S.C. 13 Feb. 2012) (holding that interrogatory that sought "only a summary of facts known by the witnesses" and did "not ask for the mental impressions, conclusions, opinions or legal theories of Plaintiff's counsel" was proper). The court accordingly DENIES plaintiff's motion to the extent is seeks to compel a further response to this interrogatory.

### C. Interrogatory no. 15

This interrogatory seeks the identity of individuals with knowledge of facts relating to the third, eighth, and ninth defenses asserted by defendant in its answer. Defendant filed a motion (D.E. 40) to amend its answer to delete the eighth and ninth defenses, which was allowed by the court (D.E. 80). Plaintiff's motion to compel as to those defenses is thus DENIED AS MOOT.

As to the third affirmative defense, it states in full: "Plaintiff and other premium auditors were properly classified as exempt employees pursuant to 29 U.S.C. § 213." (Def.'s Ans. 6). Defendant argues that the interrogatory is improper in that every premium audit management employee and every field premium auditor who worked in Commercial Markets, would have

knowledge of the job duties and nature of the position. Defendant argues that it has satisfied its burden of identifying witnesses with knowledge relevant to the classification of plaintiff as an exempt employee in its initial disclosures, discovery responses, and other documents. At this juncture, the court finds that defendant's response is adequate. Plaintiff's motion to compel a further response is therefore DENIED as to this interrogatory.

## III.  MOTION TO COMPEL PRODUCTION OF DOCUMENTS (D.E. 52)

### A.  Request no. 4

Request no. 4 seeks any documents setting forth any description of job duties or the nature or type of work performed by any nonsupervisory premium audit job position pay grade 13 or less for Commercial Markets, LMAC, and Summit. Defendant has produced the job descriptions used by Commercial Markets, but objects to providing the information for LMAC and Summit. For the same reasons set forth above with respect to Interrogatories no. 9 and 16 regarding the scope of permissible discovery in this single-plaintiff case, the court finds defendant's response adequate. Plaintiff's motion to compel production of further documents pursuant to this document request is accordingly DENIED.

### B.  Requests no. 5 and 6

These requests seek information concerning defendant's review of the classification and resulting reclassification of field premium auditors below grade 13 from exempt to non-exempt effective 1 January 2011. Request no. 5 seeks communications related to the reclassification and Request no. 6 seeks documents concerning the development and/or distribution of a PowerPoint presentation on this subject. Defendant has produced limited documents in response to these requests and identified others it has withheld in its privilege log. Plaintiff contends that

9

communications among non-attorneys that pertain to the classification review and its conclusions must be produced. The court disagrees.

The attorney-client privilege exists when (1) there is an attorney-client relationship, (2) the communication in question relates to a fact that the attorney learned from the client, outside the presence of strangers, for the purpose of securing a legal opinion or legal services, and (3) the privilege has been claimed and not waived. *See Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). The attorney-client privilege is designed "to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). If a party demonstrates that the attorney-client privilege applies, all communications between attorney and client are entitled to absolute and complete protection from disclosure. *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997).

In *Upjohn*, a corporation's in-house counsel conducted an investigation which included completion of questionnaires by and interviews of employees. 449 U.S. at 387-89. The Supreme Court held that the attorney-client privilege protected both the written questionnaires and the notes of interviews. The Court explained that "[t]he first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant." *Id.* at 390-91. Accordingly, fact-finding which is necessary to the provision of legal advice is worthy of the attorney-client privilege. 449 U.S. at 391 ("[T]he privilege exists to protect not only the giving of professional advice to those who can act on it

10

but also the giving of information to the lawyer to enable him to give sound and informed advice."); *see also F.C. Cycles Intern., Inc. v. Fila Sport*, 184 F.R.D. 64, 70-71 (D. Md. 1998) ("Communications between corporate counsel and company personnel are privileged so long as the information is relayed for the purpose of obtaining legal advice.").

Here, defendant contends that "the internal [classification] review was directed by Defendant's inside and outside legal counsel for the purpose of rendering legal advice regarding the proper classification of Defendant's field premium auditors." (Def.'s Mem. re Reqs. 5-6). Merely because only some of the individuals who participated in the classification review were attorneys does not dictate a finding that all of the materials cannot be protected by the attorney-client privilege. Similarly, the fact that non-attorneys were among those responsible for compiling the data does not prevent the attorney-client privilege from applying. *See Upjohn*, 449 U.S. at 391. The court accordingly finds that defendant has met its burden of establishing that an attorney-client relationship existed and that the documents in question relate to facts that the attorney learned from the client for the purpose of securing a legal opinion. Plaintiff's motion to compel further responses to these requests for production is therefore DENIED.

C.  **Request no. 9**

Request no. 9 seeks any software or software programs (collectively "software") used to complete field audits by plaintiff or by any other field premium auditor employed in Commercial Markets, LMAC, and Summit to complete field audits. Defendant objects to producing the requested documents for LMAC and Summit. Because this litigation remains a single-plaintiff case and discovery as to these entities falls outside the permissible scope of discovery, as discussed above with respect to Interrogatories no. 9 and 16, the court upholds this objection.

11

Case 5:11-cv-00238-D   Document 81   Filed 09/24/12   Page 11 of 18

With respect to software used by plaintiff or other field premium auditors employed in Commercial Markets, defendant explains that the software is integrated with a number of other systems and databases and, if produced, would lose its functionality for current employees. Therefore, in lieu of producing the software itself, defendant shall produce to plaintiff within 14 days after entry of this Order screenshots of its system that demonstrate how the software is used by the field premium auditors. If after reviewing the produced screenshots, plaintiff seeks additional information concerning software used by plaintiff or other field premium auditors employed in Commercial Markets, she shall identify to defendant the additional screenshots she seeks and confer with defendant about their production. If the parties are unable to come to an agreement on the production of additional screenshots after conferring in good faith, plaintiff may renew her motion.

D.  **Request no. 10**

Request no. 10 asks for any computer log reports that indicate when plaintiff or other field premium auditors with a grade of 13 or less reported or filed audit reports. Defendant objects to providing the requested documents for LMAC and Summit. For the same reasons discussed above with respect to Interrogatories no. 9 and 16, these entities fall outside the permissible scope of discovery, and the court upholds this objection.

As to computer log reports for plaintiff, defendant contends that it has already produced detailed records from its time management system and PremiumWare system that reflect the hours of work reported by plaintiff in the three years prior to the filing of this lawsuit. It contends that computer logs which reveal only when plaintiff reported or filed her audit reports would not be relevant. The court disagrees.

12

As plaintiff argues, the computer log reports would help establish when she started and ended her work day, information that is relevant to her claims in this lawsuit. Accordingly, plaintiff's motion to compel a further response to this request is allowed. Defendant shall produce to plaintiff within 14 days after entry of this Order computer log reports indicating when plaintiff reported or filed audit reports during the period specified in the request.

E.   **Request no. 11**

This request seeks the manual or other documents containing instructions or guides used by field premium auditors in Commercial Markets, LMAC, and Summit to carry out and complete audits. Defendant objects to providing the requested documents for LMAC and Summit. Because discovery as to these entities falls outside the permissible scope of discovery, as discussed above with respect to interrogatories no. 9 and 16, the court upholds this objection.

Defendant agreed to produce its Field Auditor's Manual upon the entry of a protective order. Because a protective order has since been entered, the court expects that this manual has been provided. If it has not been, defendant shall produce its Field Auditor's Manual to plaintiff within 7 days after entry of this Order.

F.   **Request no. 12(c)**

Request no. 12(c) seeks documents that reflect policies or guidelines regarding pay and compensation to persons employed as field premium auditors with a grade of 13 or less in Commerical Markets, LMAC, and Summit. Defendant objects to producing the requested documents for LMAC and Summit. The court upholds this objection because, as discussed above with respect to interrogatories no. 9 and 16, this litigation remains a single-plaintiff case and discovery as to these entities falls outside the permissible scope of discovery.

13

Defendant agreed to produce documents regarding compensation in Commercial Markets upon the entry of a protective order. Because a protective order has since been entered, the court expects that these documents have been produced. If they have not been, defendant shall produce the aforementioned documents to plaintiff within 7 days after entry of this Order.

G.   **Request no. 13**

Request no. 13 seeks official corporate minutes relating to the corporate relationship between defendant and Summit, LMAC, BUTTERBALL, MAXWELL, and Max Inc. The parties' joint notice and accompanying declaration of Kristin Ciotti moot this request as to Summit and LMAC, and the court DENIES the motion to compel as moot as to this portion of the request.

Plaintiff has not shown that any corporate relationship between defendant and the remaining entities is relevant. The court therefore DENIES the motion to compel with respect to this portion of Request no. 13.

H.   **Requests no. 15 and 24**

Request no. 15 seeks all documents concerning any complaint that defendant, LMAC, or Summit has not paid overtime to any employee as required by the FLSA or any state wage or hour law. Request no. 24 seeks the same documents when these entities deemed any such employee not to be subject to the overtime payment requirement. Defendant objects to producing the requested documents for LMAC and Summit. Because this litigation remains a single-plaintiff case and discovery as to these entities falls outside the permissible scope of discovery, as discussed above with respect to Interrogatories no. 9 and 16, the court upholds this objection.

14

For the same reasons, the production of documents relating to any complaints from any field premium auditor in Commercial Markets concerning overtime pay is within the permissible scope of discovery. Defendant's responses to these requests indicate that it is not aware of any such complaints. Plaintiff has not demonstrated grounds upon which to reasonably question the accuracy of these responses. Accordingly, the portion of plaintiff's motions seeking relief as to these requests is DENIED.

I.  **Requests no. 16 and 26**

Request no. 16 seeks any documents received by defendant from the federal or any state department of labor pertaining to any investigation or audit of defendant's pay practices with respect to its payment of overtime to any employee of defendant, LMAC, or Summit. Request no. 26 seeks the same information when these entities deemed any such employee not to be subject to the overtime payment requirement. Defendant objects to producing the requested documents for LMAC and Summit. As discussed above with respect to Interrogatories no. 9 and 16, this litigation remains a single-plaintiff case, and discovery as to these entities falls outside the permissible scope of discovery.

The documents sought are, however, within the permissible scope of discovery as to field premium auditors in Commercial Markets. Defendant's responses to these requests indicate that it is not aware of any audit or investigation by the federal or any state department of labor related to its payment of wages to its field premium auditors in Commercial Markets. Plaintiff has not shown any basis upon which to reasonably question the accuracy of these responses. Accordingly, the portion of plaintiff's motions seeking relief as to these requests is DENIED.

J.  **Request no. 17**

15

Request no. 17 seeks documents setting forth any policies or practices of defendant, LMAC, and Summit concerning what constituted compensable hours worked by field premium auditors and specified related compensation matters. Defendant objects to providing the requested documents for LMAC and Summit. Because this litigation remains a single-plaintiff case and discovery as to these entities falls outside the permissible scope of discovery, as discussed above with respect to interrogatories no. 9 and 16, the court upholds this objection.

Documents pertaining to any policies or practices of defendant concerning what constituted compensable hours and the related specific compensation matters for field premium auditors in Commercial Markets are within the permissible scope of discovery. In its response, defendant referred plaintiff to its responses to Requests no. 1, 2, 11, and 12, in which it agreed to produce certain documents, some only after entry of a protective order. Because a protective order has since been entered, the court expects defendant to have already produced all the documents it agreed to produce. If it is has not done so, defendant shall produce the outstanding documents to plaintiff within 7 days after entry of this Order.

K.  **Request no. 18**

Request no. 18 seeks documents that "set forth any information, advice statement(s), or other opinion(s)" provided to Commercial Markets, LMAC, and Summit regarding the legality of the employment practices that are the subject of plaintiff's complaint under federal and/or state law. Defendant objects to providing the requested documents for LMAC and Summit. As discussed above with respect to Interrogatories no. 9 and 16, this litigation remains a single-plaintiff case, and discovery as to these entities falls outside the permissible scope of discovery. This objection will therefore be upheld.

16

In its opposition memorandum, defendant states its agreement to produce upon entry of a protective order responsive documents from trade organizations or other nonattorney sources relating to Commercial Markets upon which it intends to rely. (Def.'s Mem. re Reqs. 9-10; *see also* Supp. Resp. to 1st Reqs. (D.E. 70-2) Req. no. 8) (defendant agrees to produce outside survey regarding compensation for field premium auditors). Because a protective order has since been entered, the court expects that these documents have been produced. If they have not been, defendant shall produce the aforementioned documents to plaintiff within 7 days of entry of this Order.

### L.     Request no. 19

This request seeks plaintiff's complete personnel file, as well as the personnel files of other individuals who have filed consents to join this lawsuit.[2] Defendant has produced plaintiff's personnel file, but objects to producing the other personnel files requested. For the same reasons set forth above with respect to Interrogatories no. 9 and 16 regarding the scope of permissible discovery in this single-plaintiff case, the court finds defendant's response adequate. The portion of plaintiff's motion to compel seeking production of the other personnel records is DENIED.

## IV.    EXPENSES

Although plaintiff's motions to compel are being allowed in part, the court finds that an award of expenses is not warranted because defendant's objections to the discovery requests were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). The court therefore declines to award any expenses incurred in connection with the motions.

---

[2] While Request no. 19 requests the personnel file for the "Plaintiff," that term is defined to include persons who have filed consents to sue. (Req. no. 19; 1st Ints. at 3 ¶ 4).

17

## CONCLUSION

For the foregoing reasons and on the terms set forth above, IT IS ORDERED that plaintiff's motion (D.E. 50) to compel interrogatory answers and her motion (D.E. 52) to compel production of documents are ALLOWED IN PART, DENIED IN PART AS MOOT, AND DENIED IN PART ON THE MERITS. In sum, the motions are denied as moot with respect to Interrogatories no. 6 to 8, and 15 (in part), and Requests no. 7, 8, and 22; the motions are denied on the merits with respect to Interrogatories no. 9, 12, 15 (in part), and 16 and Requests no. 4, 5 and 6, 13, 15 and 24, 16 and 26, and 19; defendant must produce documents within 7 days after entry of this Order (*i.e.*, on or before 1 October 2012) with respect to Requests no. 11, 12(c), 17, and 18; and defendant must produce documents within 14 days after entry of this Order (*i.e.*, on or before 9 October 2012) with respect to Requests no. 9 and 10. Each party shall bear its own expenses incurred in connection with the motions.

SO ORDERED, this the 24th day of September 2012.

James E. Gates
United States Magistrate Judge